Chester SITTON and Edna SITTON, His Wife,
John SARTAIN and Sandra SARTAIN, His Wife
*v.* Nancy CONGLETON

CA 83-198                                          667 S.W.2d 377

Court of Appeals of Arkansas
Division II
Opinion delivered April 11, 1984

*Kenneth G. Fuchs,* for appellants.

*H. G. Foster* and *Frank E. Shaw,* for appellee.

JAMES R. COOPER, Judge. This is an action to foreclose on two promissory notes given in exchange for the purchase of shares of stock in a corporation, Con-Co, Inc. On October 21, 1981, the appellants entered into an agreement with the appellee and her husband, James Congleton, for the sale of stock in Con-Co, Inc. According to their contract, two promissory notes of $22,500.00 each were given to the appellee in exchange for 200 shares of stock in the corporation. The promissory notes called for 60 monthly payments. The appellants made approximately 8 payments and defaulted, and the appellee brought this action. The circuit court granted judgment against the appellants for the

balance due on the notes, and also found that the appellants were the majority shareholders in Con-Co., Inc., by virtue of this transfer. From that decision comes this appeal.

For reversal, the appellants argue that the notes given in exchange for the stock were not valid consideration in that Ark. Stat. Ann. § 64-205 (Repl. 1980) prohibits the giving of promissory notes in exchange for newly issued stock in a corporation. The appellants argue that since Nancy Congleton originally owned 150 shares of stock and her husband owned 150, and the appellee sold the appellants 200 shares of stock, and since there is no evidence of a sale or transfer of stock from James Congleton to his wife, the 50 shares he owned, which were transferred to the appellants were cancelled and reissued in the name of the appellee. The trial court addressed this issue and held that the statute referred to above did not apply to this transaction. We agree.

Although there is no evidence in the record that such a transfer of stock from the appellee's husband to her occurred, this does not necessarily mean that it did not occur or that the appellee could not transfer stock without cancelling this stock and having it reissued. The sale of the stock to the appellants was not a new issue by the corporation but rather a sale by the stockholders. The shares of stock in Con-Co, Inc. that were transferred to the appellants had already been issued and were fully paid. The transfer of these shares of stock was simply a sale of personal property. The trial court correctly determined that Ark. Stat. Ann. § 64-205 (Repl. 1980) did not apply to the facts of the case at bar.

The appellants argue that *Taylor* v. *Gordon*, 180 Ark. 753, 22 S.W.2d 561 (1929), is analogous to the case at bar. However, in *Taylor*, a bank loaned the purchasers of stock the money to purchase stock in the bank and received as payment a promissory note. There, the court held that the bank became the equitable owner of the stock and its attempt to make a sale of the stock to Gordon and Lucas, the purchasers, by taking their notes for the purchase price was in violation of the law. In *Taylor*, the stock was never delivered, but was issued by the bank and retained by it, thus

there was never an exchange of consideration as the bank was both the seller and buyer. Here, however, the transaction was not a sale by the Congletons to themselves, but rather a transfer of the shares of stock in exchange for something of value, the appellants' promissory notes.

Affirmed.

CORBIN and GLAZE, JJ., agree.